**Abatement Order filed October 16, 2014**



**In The**

# Fourteenth Court of Appeals

———————

## NO. 14-13-00512-CR

———————

### RONALD CROW, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 21st District Court**
**Washington County, Texas**
**Trial Court Cause No. 16373**

## ABATEMENT ORDER

Appellant is represented by retained counsel, Sylvia Cedillo. No reporter's record or brief has been filed. The trial court has previously determined that appellant is not indigent for purposes of a free record or appointment of counsel on appeal. Rule 38.8 provides that we will not dismiss or consider the appeal without a reporter's record or brief unless it is shown the appellant no longer desires to

prosecute his appeal or that he is not indigent and has failed to make necessary arrangements for filing a brief. Tex. R. App. P. 38.8.

A hearing has already been held as required under Rule 38.8. At that hearing, the trial court found that appellant is not indigent. On May 30, 2014, this court ordered appellant to make sufficient payment for the reporter's record and to file the record on or before July 3, 2014. On July 7, 2014, Wendy L. Kirby, the official court reporter for the 21st District Court notified this court that the payment she received is insufficient as a deposit toward the reporter's record. Because the trial court has already held one hearing to make the findings required under Rule 38.8, and we can find nothing in the rules or case law that requires this court to send this matter back to the trial court a second time, we decline to do so.

On July 10, 2014, this court ordered appellant to file a reporter's record in this appeal on or before August 14, 2014. On August 18, 2014, Wendy L. Kirby, the official court reporter for the 21st District Court notified this court that the payment she received is still insufficient as a deposit toward the reporter's record. On August 21, 2014, this court ordered appellant to file a brief on or before September 22, 2014. No brief was filed. Accordingly, we issue the following order:

Pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached) the judge of the 21st District Court shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether appellant desires to prosecute his appeal; (b) whether appellant is indigent; (c) if not indigent, whether appellant has abandoned the appeal or whether appellant has failed to make necessary arrangements for filing a brief; (d) the reason for the failure to file a brief; (e) if

appellant desires to continue the appeal, a date certain when appellant's brief will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. If appellant is indigent, the judge shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court on or before **November 18, 2014.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

# RULE 38.  REQUISITES OF BRIEFS

**Tex. R. App. P. 38.8. Failure of Appellant to File Brief.**

(b) *Criminal Cases*.

(1) Effect.  An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice.  If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact.  If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing.  In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record -- including any order and findings -- must be sent to the appellate court.

(4) Appellate Court Action.  Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel.  If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary

arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.